# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMIA

THE NEW YORK AND PRESBYTERIAN HOSPITAL )
525 East 68th Street )
New York, NY 10065 )
                                        )    Case No. _____
         Plaintiff, )
                                      )
            v. )
                                      )
SYLVIA M. BURWELL, Secretary )
United States Department of )
Health and Human Services, )
200 Independence Avenue, S.W. )
Washington, D.C.  20201 )
                                      )
         Defendant. )
_____ )

# COMPLAINT FOR JUDICIAL REVIEW UNDER THE MEDICARE ACT

## NATURE OF ACTION

1.     This is an action for review of a decision by the defendant Department's review board dismissing the plaintiff's appeal to that board.  This appeal concerned erroneous Medicare payments for services furnished by the hospital to low-income patients.  The plaintiff sought correction of undisputed errors in one aspect of those payments established in *Baystate Medical Center v. Leavitt*, 545 F. Supp. 2d 20, *amended by* 587 F. Supp. 2d 37 (D.D.C. 2008).  In 2010, the agency issued an instruction requiring its review board to remand appeals like this one to the agency's own contractors to correct those errors.  But the Ruling provides no adequate assurance that those errors will be fully corrected and that no additional errors or omissions will be interjected into the payment calculations to be performed on remand.  Nor does the Ruling establish any definitive time period in which corrections will be effected on remand and the hospital may seek recourse from any remaining or additional payment errors.  Further, while

1

purporting to correct for some errors, the Ruling also would require the contractors to impose off-setting penalties by applying new policies that are invalid and contrary to law. *See Catholic Health Initiatives-Iowa v. Sebelius*, 718 F.3d 914, 921 n.5 (D.C. Cir. 2013) (noting that "[p]rior to 2004, the Secretary interpreted the phrase 'entitled to benefits under part A of [Medicare]' in the Medicare fraction to include only 'covered Medicare Part A inpatient days.'"); *Northeast Hosp. Corp. v. Sebelius*, 657 F.3d 1, 13-17 (D.C. Cir. 2011) (prohibiting the Secretary from retroactively applying the 2004 rule requiring inclusion of Medicare part C days in the SSI fraction to periods beginning prior to the October 1, 2004 effective date of that rule). The plaintiff challenges that instruction and the application of it to this appeal, and requests the corrections to its Medicare payment to which it is entitled.

## JURISDICTION AND VENUE

2.      This action arises under title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

3.      Jurisdiction is proper under 42 U.S.C. § 1395oo(f)(1).

4.      Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(1).

## PARTIES

5.      The plaintiff in this action is The New York and Presbyterian Hospital ("Plaintiff"), Medicare Provider Number 33-0101, for the fiscal year ending December 31, 2001.

6.      The defendant is Sylvia M. Burwell in her official capacity as Secretary of the United States Department of Health and Human Services ("HHS" or "Department"), the federal agency that administers the Medicare program.

7.      The Centers for Medicare and Medicaid Services ("CMS") is a component of HHS with responsibility for day-to-day operation and administration of the Medicare program. At some times relevant to this case, CMS was known as the Health Care Financing

Administration ("HCFA").  References to CMS herein are meant to refer to the agency and its predecessors.

## BACKGROUND

8.      Plaintiff is a "disproportionate share hospital" ("DSH") that treats a large proportion of low-income patients.  The Medicare DSH payment is calculated based upon a hospital's disproportionate patient percentage, which is the sum of two fractions.  One of those fractions, pertinent here, is known as the Medicare Part A/SSI fraction.

9.      As defined by statute, the numerator of that fraction is supposed to consist of a hospital's number of patient days in a fiscal year for individuals who were both entitled to benefits under Part A of the Medicare Act and entitled to benefits under the federal supplemental security income ("SSI") program for such days.  *See* 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

10.     The denominator of the Medicare Part A/SSI fraction is supposed to consist of a hospital's number of patient days in a fiscal year for individuals who were entitled to benefits under Part A of the Medicare Act for such days.  *See* 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

11.     Part A of the Medicare Act covers inpatient hospital services.  *See* 42 U.S.C. § 1395d(a)(1).  The Medicare Part A benefit for inpatient hospital services consists of the right to have Medicare payment made on a beneficiary's behalf for a limited number of days of inpatient hospital care in a spell of illness.  *See* 42 U.S.C. §§ 426(c), 1395d(a)(1).

12.     The Medicare Part A/SSI fractions that were initially calculated by HHS for the 2001 fiscal year at issue did not include patient days for individuals who were enrolled in the Medicare program but were not entitled to have Medicare Part A benefits paid on their behalf for those inpatient hospital days.  This occurs in several different circumstances:  when an individual had elected to receive Medicare benefits through enrollment in a managed care plan under Part C

of the Medicare Act (referred to in this Complaint as "Part C patient days); when an individual in the Part A program has exhausted benefits for inpatient hospital services; when Medicare's payment obligation is secondary to another payer's liability (*e.g.*, commercial insurance coverage); and, when Medicare Part A does not cover the patient's hospitalization.  In all of these situations, the patient days were not included in the denominator (or the numerator) of the Medicare Part A/SSI fraction for the fiscal year at issue, which began before the October 1, 2004 effective date of a change in CMS policy.  *See Northeast Hosp. Corp.*, 657 F.3d at 13-17; *See Catholic Health Initiatives-Iowa*, 718 F.3d at 921 n.5.

13.     In 2004, the Department adopted a new policy to begin counting Medicare Part C days and other days for which no Medicare Part A benefits were paid in the Medicare Part A/SSI fractions applicable to hospital fiscal years that began on or after October 1, 2004.  *See* 69 Fed. Reg. 48916, 49098-99 (Aug. 11, 2004) (discussing Part C days and Part A exhausted benefit days); *see also* 42 C.F.R. § 412.106(b)(2) (providing that HHS's calculation of the Medicare Part A/SSI fraction for a Federal fiscal year ending on September 30th will be applied to calculate the DSH payment owed to a hospital for the hospital fiscal year beginning in that Federal fiscal year).

14.     In 2008, this Court issued a memorandum opinion and order requiring HHS to correct several systemic errors in its calculation of the Medicare Part A/SSI fraction described in 42 U.S.C. § 1395ww-(d)(5)(F)(vi)(I).  *See Baystate Med. Ctr.*, 545 F. Supp. at 20.  Those errors uniformly tended to deflate the numerator of the fraction and thus to reduce the DSH payments made to hospitals.

15.     In 2010, an Acting Administrator of CMS issued the instruction at issue in this action.  That instruction purports to acquiesce in the *Baystate* decision and to require the Board

to remand appeals like this one to the agency's contractors to effect correction of errors identified in *Baystate*. The instruction, however, also required the application of two disputed policies that tend to increase the denominator of the Medicare Part A/SSI fractions and thus reduce DSH payments owed to hospitals for costs they incur to treat low-income patients.

16.     This instruction, known as Ruling 1498-R ("Ruling"), is meant to be "binding on all CMS components." 42 C.F.R. § 401.108. Unlike a regulation, however, the Ruling was not adopted with notice and opportunity for comment, is not published in the Code of Federal Regulations, and does not have the force and effect of law.

17.     Ruling 1498-R purports to apply to three categories of administrative appeals relating to the Medicare DSH payment.

18.     One category consists of appeals challenging errors and omissions in the data and processes that CMS used to calculate the Medicare Part A/SSI fraction, the same claim that is addressed in Plaintiff's appeal in this case (and *Baystate*). The Ruling directs the Department's Provider Reimbursement Review Board ("Board") to dismiss and remand those appeals for recalculation of the Medicare Part A/SSI fraction.

19.     In addition to making some corrections required to comply with the *Baystate* decision, the Ruling provides that the recalculated Medicare Part A/SSI fractions will include additions to the denominator of that fraction of patient days that were not previously included.

20.     For hospital fiscal years that began before October 1, 2004, like the appeal in this case, the recalculated fractions would include patient days for individuals who were enrolled in Medicare Part A but were not entitled to payment of Part A benefits for those days. This would include patient days that were not paid for by Medicare Part A because the patient had exhausted Part A benefits for inpatient hospital services, or Medicare's payment obligation was secondary

to another payer's liability (*e.g.*, commercial insurance coverage), or the hospitalization was otherwise not covered by Medicare Part A.

21.     The Ruling does not require remand of pending appeals on Part C patient days for patients.   Nevertheless, it appears that the Ruling may contemplate that Part C patient days would be added to the Medicare Part A/SSI fractions for some years that would be recalculated on remand pursuant to the Ruling.   For example, the Ruling defines the Medicare Part A/SSI fraction to include days for patients "who are enrolled in a Medicare Advantage (Part C) plan." The Ruling also notes that Part C days will be included in the SSI fraction "only if the individual is enrolled in Part A or Part C and the hospital has submitted a Medicare claim on behalf of the patient."

22.     These additions to the denominator of the Medicare Part A/SSI fractions are contrary to the plain language of the regulation in effect during the period at issue, and cannot be retroactively applied.   *See Northeast Hosp. Corp.*, 657 F.3d at 13-17 (invalidating HHS's retroactive application of a 2004 change in policy to include patient days for individuals who elected to receive Medicare benefits through a managed care plan under Medicare Part C in the denominator of the Medicare Part A/SSI fraction); *see also Catholic Health Initiatives-Iowa*, 718 F.3d at 921 n.5 (noting that "[p]rior to 2004, the Secretary interpreted the phrase 'entitled to benefits under part A of [Medicare]' in the Medicare fraction to include only 'covered Medicare Part A inpatient days.'").

23.     Nevertheless, the Administrator's instructions directed the Board to remand all pending appeals challenging the determination of the numerator of the Medicare Part A/SSI fractions to the Department's contractors for recalculation of the Medicare Part A/SSI fractions according to the terms of the Administrator's instructions.

6

24.     After the remand of the appeal at issue in this case, on April 22, 2015, the Administrator issued an amendment to the Ruling ("Amendment").  The Amendment provides that for cost reporting periods with discharges prior to October 1, 2004, such as the period at issue here, a hospital may elect to have its revised Medicare Part A/SSI fraction calculated to include or not include, at the hospital's choosing, patient days for individuals who were enrolled in Medicare Part A but were not entitled to payment of Part A benefits for those days.

25.     As to Part C days, the Amendment states that the original Ruling "does not establish policy regarding the treatment of Medicare Part C days in the Medicare DSH methodology."  It further provides that pursuant to the Ruling and the Amendment, "we are not making any changes to, or otherwise adding any Part C claims, to the Medicare Provider Analysis and Review data file the D.C. Circuit Court found, as a matter of practice, excluded Medicare Part C days from the Medicare-SSI fraction for patient discharges before October 1, 2004."

## FACTS SPECIFIC TO THIS CASE

26.     Plaintiff timely appealed from the final DSH payment determination for the 2001 fiscal year at issue.

27.     Plaintiff's appeal to the Board was assigned case number 10-1084.

28.     Plaintiff's appeal sought to correct the now-undisputed errors and omissions in the Department's calculation of the number of patient days counted in the numerator of the Medicare Part A/SSI fraction.

29.     By letter dated March 24, 2015, the Board remanded Plaintiff's appeal for a recalculation of the Medicare part A/SSI fraction pursuant to Ruling 1498-R.  The Board found that Plaintiff's appeal "satisfie[d] the applicable jurisdictional and procedural requirements."

30.     Plaintiff has timely commenced this action for judicial review of the Board's final decision pursuant to 42 U.S.C. § 1395oo.  Plaintiff seeks an order setting aside the remand of its appeal.

## COUNT I

31.     Plaintiff repeats the allegations in paragraph 1-30 of this Complaint as is fully set forth herein.

32.     The Medicare statute provides that this action shall be tried pursuant to the applicable provisions of the APA.  42 U.S.C. § 1395oo(f)(1). The applicable provisions of the APA provide that the "reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . .(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence[.]" 5 U.S.C. § 706(2).

33.     There is no dispute that the Plaintiff met applicable requirements to perfect its rights to a hearing under 42 U.S.C. § 1395oo.  The Board found that the Plaintiff "satisfie[d] the applicable jurisdictional and procedural requirements."  Neither the Administrator nor the Board has the power to revoke the hospital's statutory right to review through the issuance or application of Ruling 1498-R.  The Ruling does not have the force or effect of law, and nothing in section 1395oo or any other statute authorizes the Department, the Administrator of CMS or the Board to divest hospitals of the appeal rights granted by section 1395oo.

34.     Plaintiff's claims in its appeal to the Board were not rendered moot by the Ruling. *See, e.g., Ramer v. Saxbe*, 522 F.2d 695, 704 (D.C. Cir. 1975) ("A case is not moot so long as any single claim for relief remains viable, whether that claim was the primary or secondary relief originally sought.").  Plaintiff's appeal sought relief from an inaccurate and incomplete Medicare

Part A/SSI fraction, and Plaintiff contends that the remand under the Ruling would not provide that relief.  Among other things, the Ruling provides no assurance that any recalculation performed on remand would fully and properly account for and correct all of the errors and omissions established in *Baystate* and would not interject other additional errors or omissions that would impermissibly deflate payment.  Further, the Ruling provides no assurances as to when any further proceeding on remand would be completed and could potentially put the hospital into a state of administrative limbo for an indefinite period with no recourse or avenue to obtain relief from an underpayment made more than a decade ago.  Indeed, upon information and belief, no revised Medicare part A/SSI fraction has been calculated and applied in a revised payment determination upon remand under the Ruling for any hospital in the country in the five years since the Ruling was issued in 2010.

## REQUEST FOR RELIEF

35.    WHEREFORE, the Plaintiff requests an Order:

A.    declaring invalid and setting aside the final decision of the Board dismissing and remanding to the agency's contractor the Plaintiff's appeal;

B.    declaring invalid and setting aside the provisions of Ruling 1498-R that purport to divest the Plaintiff of the right to hearing under 42 U.S.C. § 1395oo, and to require the Board to remand its appeal;

C.    requiring the Department to revise its determinations of the Plaintiff's DSH payment for the cost reporting period at issue by recalculating the Plaintiff's Medicare Part A/SSI fraction in accordance with this Court's decision in *Baystate,* the Medicare Act, and the Medicare regulations;

D.   requiring the Secretary to promptly pay the Plaintiff the additional DSH payments due as a result of that correction, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2);

E.   requiring the Secretary to pay legal fees and costs of suit incurred by the Plaintiff; and

F.   providing such other relief as the Court may consider appropriate.

Respectfully submitted,

Stephanie A. Webster
 DC Bar No. 479524
Christopher L. Keough
 DC Bar No. 436567
J. Harold Richards
 DC Bar No. 469524
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036-1564
(202) 887.4049 (phone)
(202) 887.4288 (fax)

Counsel for Plaintiff

Dated:   May 22, 2015